Gueen, J.
delivered the opinion of the court.
The plaintiff in error was indicted and convicted in the Circuit Court of Overton county, for a rape committed on the person of Celia Wilson, a married woman. A new trial was moved for, which was refused, and an appeal in error has been prosecuted to this court. It appears from the bill of exceptions, that Mrs. Wilson was examined as a witness for the State on the trial, and that after her examination, her husband, Moses Wilson, was also examined as a witness for the prosecution, and was permitted by the court to relate to the jury the statement of the circumstances and particulars of the alleged offence made to him by his wife recently after the perpetration thereof. This evidence was objected to by the eounsel of the prisoner when offered, but the objection was overruled. And the only question in the case which merits consideration is, did the court err in admitting this evidence? Upon this question there is some diversity of opinion. All of the authorities concur that where the injured party is examined as a witness, her complaint of the injury in general terms, if made recently after the commission of the offence, is admissible, and may be proved by the persons to whom such complaint was made, as confirmatory of her credibility. But it would seem, according to some authorities, that her statement of the circumstances, or particulars of the complaint, should be excluded from the jury; while others lay it down that such evidence is admissible. We think the latter is the correct rule, both upon principle and weight of authority. And, upon a careful examination, it will perhaps be found that the conflict of authority is apparent rather than real.
Mr. Stai’kie, in his treatise on Evidence, volume 2, pages *248 699, 700, (6th American edition,) says: “ The fact that the prosecutrix made complaint recently after the commission of the alleged crime, seems to be considered as admissible generally. It is a test applicable to the accuracy as well as the veracity of the witness, and therefore it seems that her account of the transaction, if communicated recently, is admissible. In principle, such evidence is not in general admissible, until the testimony of the witness has been in some degree impeached by an attempt to show that the statement is a fabrication. But, in a case of this nature, after prima facie evidence has been given of the perpetration of the crime, the defence usually rests upon some impeachment of either the honesty or the accuracy of the witness, and, in either case, the evidence seems to be admissible on the strictest principles.”
The same author (volume 1, pages 186 and 187,) after stating the general rule, that evidence in confirmation of a witness is not admissible until after his credit has been impeached, says: “ There may be many cases where, under special circumstances, such evidence might possibly be admissible; as, for instance, in contradiction of evidence tending to show that the account given by the witness was a fabrication of late date. So, where an immediate account is given, or complaint made by an individual of a personal injury committed against him; so upon an indictment for a rape, or upon an action for a trespass and assault upon the wife.”
The authorities relied upon by the counsel of the prisoner lay it down, that the fact of the injured party having made complaint, is admissible as original evidence, but that the particulars of the complaint are to be excluded, because they are not evidence of the truth of her statements. See 1 Greenleaf on Evidence, section 120.
*249 It is certainly true that proof of the particulars of the complaint made by the injured party cannot be admitted as original evidence to prove the truth of the statements, or to establish the charge made against the prisoner, because not made in his presence, and likewise because the ordinary tests which the law has provided for the ascertainment of truth are wanting, viz, the sanction of a judicial oath, and the opportunity for cross-examination. And, if this be the proper meaning and extent of the rule as laid down in the authorities last referred to, it is unquestionably correct. Such evidence is only admissible in confirmation of the witness, or to repel the presumption that her statement is a fabrication.
The cases cited from the English Common Law Reports, as we understand them, are not in conflict with the principle laid down by Mr. Starkie. In the case of King vs. Clarke, 2 Star. Rep., 241, which was an indictment for an assault with intent to commit a rape, the prosecutrix was examined as a witness, and her husband being examined as to complaint made by her soon after the assault, Holroyd, J., held: “that the fact of her having made the complaint was evidence, as also was the description of her state and appearance at the time; but that the particulars of the complaint were not evidence, as to the truth of her statement.” In the case of the Queen vs. Megson, and two others, 9 Car. & P., 420, for a rape committed on the person of Ann Stuart, who died shortly thereafter, it was proposed to prove the terms in which she had made the complaint, which being objected to, Mr. Baron Rolfe said: “ There is a wide, difference between receiving such statements as confirmatory of a prosecutrix’s credibility on a charge of rape, in which she is examined as a witness, and in a case like the present, where the complaint made *250 is to be received as independent evidenceand, in summing up, he said: “ In ordinary cases of rape, whei’e a witness describes the outrage, in the witness-box, evidence of her complaint, soon after the outrage, is properly admissible to show her credit and the accuracy of her recollection. Here, however, the object was to give in evidence the particulars of the complaint, as independent evidence, with a view of showing who were the persons who committed the offence. All that could be safely received was, I think, her complaint that a dreadful outrage had been committed upon her.”
This case was correctly decided, and is, we think, an authority against the position assumed by the counsel of the prisoner. The injured party not being a witness, having died before the trial, it is clear that her statement could not be admitted as confirmatory evidence, and much less as original evidence to identify the person accused, or to establish the charge in the indictment.
In the case of the Queen vs. Gutridge and two others, who were indicted for a rape, the prosecutrix was called on the trial, but did not appear, and it was proposed to prove by a witness that she made complaint the next day. The counsel for the prisoner - objected on the ground that evidence of recent complaint is received to confirm the evidence of prosecutrix; but, as she was absent, her evidence was not before the jury to be confirmed. Mr. Baron Parke said: “ I think the safest course will be to reject the evidence as it is not part of the res gestae, but merely confirmatory evidence. 9 Car. & P. 469.
This case was also properly decided, because it is only in cases where the person injured is called and examined as a witness, that evidence either of her complaint, in general terms, or of her detail of the circumstances *251 and particulars of the transaction can be admitted. And in such cases, upon an examination of all the authorities to which we have had access, we entertain no doubt as to the admissibility of such evidence for the purpose of testing the accuracy as well as the veracity of the witness, and of enabling the court and jury, from the fullest view of all 1he minute circumstances of the case, to arrive at a true conclusion.
Upon this.point, therefore, there is no error.' We are also of opinion that the circuit judge did not err in refusing to grant a new trial.
The testimony of Mrs. Wilson fully sustains the conviction, and her credibility, though attempted to be assailed, was well supported, and there is no opposing evidence, nor is any exception taken to the charge of the court.
Let the judgment oí the Circuit Court be affirmed.